UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

City of Duluth,

                         Plaintiff,            **MEMORANDUM OPINION AND ORDER**

       v.                                    Civil No. 09-2668 ADM/LIB

Fond du Lac Band of
Lake Superior Chippewa,

                         Defendant.

_____

David P. Sullivan, Esq., Madeira Beach, FL; and Robert C. Maki, Esq., and Shawn B. Reed, Esq., Maki & Overom Chartered, Duluth, MN, on behalf of Plaintiff.

Dennis J. Peterson, Esq., Fond du Lac Band of Lake Superior Chippewa Legal Affairs Office, Cloquet, MN; and Henry M. Buffalo, Jr., Esq., Mark A. Anderson, Esq., Vanya S. Hogen, Esq., and Sara K. Van Norman, Esq., Jacobson, Buffalo, Magnuson, Anderson & Hogen, PC, St. Paul, MN, on behalf of Defendant.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Fond du Lac Band of Lake Superior Chippewa's (the "Band") Objections [Docket No. 93] to Chief Magistrate Judge Raymond L. Erickson's July 12, 2010 Report and Recommendation [Docket No. 92] (the "R&R"). The R&R recommends that the Band's Motion to Continue Case Pending Review by the National Indian Gaming Commission [Docket No. 75] ("Motion") be denied. For the reasons stated below, the Objections are overruled and the Motion is denied.

## II. BACKGROUND

The facts and procedural history of this dispute are set forth in Judge Erickson's R&R and this Court's previous Order [Docket No. 73] dated April 21, 2010, and are incorporated by

reference. Accordingly, only a brief version of the relevant facts, including recent developments, and procedural history is presented here.

During the 1980s, the City of Duluth (the "City") and the Band negotiated a joint casino venture. See Compl. [Docket No. 1] ¶¶ 12-14. In 1986, the parties executed a series of agreements ("the 1986 Agreements") relating to the creation and operation of a casino in downtown Duluth. Id. ¶ 17. In 1988, the Indian Gaming Regulatory Act ("IGRA") became law and cast doubt on the continuing validity of the 1986 Agreements. Id. ¶¶ 23, 25. Specifically, the IGRA requires that an Indian tribe "have the sole proprietary interest and responsibility for the conduct of any gaming activity" on Indian lands. 25 U.S.C. § 2710(b)(2)(A). The Band brought suit in 1989 in federal court to declare the 1986 Agreements void. Compl. ¶ 25.

In 1990, the federal action was dismissed without prejudice to allow the National Indian Gaming Commission ("NIGC") to review the 1986 Agreements. Id. ¶ 26. In 1993, the NIGC concluded that the 1986 Agreements violated the IGRA. Id. ¶ 28. The parties then negotiated a new series of agreements ("the 1994 Agreements"), and the chairman of the NIGC issued a letter stating that the 1994 Agreements complied with the IGRA. See id. ¶¶ 29-32, 40-43. The parties then entered into a consent decree on July 28, 1994. Id. ¶¶ 2, 45.

In January 2009, nearly fifteen years later, the Band informed the City that, on the advice of its auditors, it would be withholding payment due under the 1994 Agreements because the Band had been incorrectly calculating revenues. Id. ¶¶ 46-47. Then, on August 6, 2009, the Band sent the City a letter and a resolution announcing that the Band was ceasing all payments to the City under the 1994 Agreements and asserting that the 1994 Agreements were unenforceable. See id. ¶¶ 52-53. As a result, the City commenced the present action for breach

of contract and declaratory and injunctive relief.

By Order dated April 21, 2010, the Court granted in part and denied in part the City's motion for summary judgment. The Court held that res judicata operated as a procedural bar to questioning the validity of the 1994 Agreements. The Band then moved for a continuance, arguing that the Court should stay proceedings to allow the NIGC to pass on the validity of the 1994 Agreements during an upcoming mediation regarding future rental rates under the 1994 Agreements. The NIGC, however, has since declined to act as a mediator for the parties. August 13, 2010 Letter from Plaintiff [Docket No. 100], Ex. 1. The Band then directly asked the NIGC to review the 1994 Agreements. August 16, 2010 Letter from Defendant [Docket No. 102]. The NIGC has not yet responded to that request.

### III. DISCUSSION

**1. Standard of Review**

**A. Objections to the R&R**

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

**B. Motion to Continue**

Under the Local Rules of the District of Minnesota, a "motion for the continuance of a case will be granted only for good cause shown." D. Minn. L.R. 6.1.

## 2. Mere Possibility of NIGC Enforcement is Not Good Cause

The R&R and the submissions of the parties largely focus on the scope of mediation by the NIGC. That entire issue is now moot as the NIGC has declined to serve as mediator for the parties. The only remaining issue, therefore, is whether the possibility of an enforcement action by the NIGC is good cause for the Court to grant the Band a continuance. The R&R considered this issue and determined that the mere threat of an enforcement action was insufficient to warrant a continuance.

The Band argues that a continuance would allow the NIGC to commence an enforcement action, thereby resolving questions of the legality of the 1994 Agreements and rendering the current action moot. The Band argues that this course allows for judicial efficiency, preventing the Court from entering an order that may later conflict with action taken by the NIGC. The Band contends that the validity of the 1994 Agreements has been drawn into question by the NIGC. The Band points to several advisory letters and one enforcement action to support its claim that the validity of the 1994 Agreements is in question.

Any discussion of an enforcement action by the NIGC, however, is entirely speculative. The NIGC has given no indication either way regarding the likelihood of enforcement. In fact, the Band's assertion that the NIGC would find the 1994 Agreements unlawful if considered anew is itself speculative. None of the NIGC's actions cited by the Band squarely address the IGRA issue presented by the 1994 Agreement–namely the limits, in light of the sole proprietor requirement, on revenue contributions to a municipality. In fact, the acts by the NIGC that the Band claims cast doubt on the validity of the 1994 Agreements are between two and seven years old. In that time, the NIGC has declined to commence an enforcement action against the parties

4

here.  There is no evidence to believe that the NIGC would depart from its course of several years and commence an enforcement action now.

In light of the uncertainty surrounding the likelihood of an enforcement action, the Court cannot say that good cause exists to grant a continuance.  The parties have a live dispute in need of resolution.  While a definitive answer regarding the continuing legality of the 1994 Agreements under the IGRA would be enlightening, nothing suggests that such an answer will be forthcoming.

### IV.  CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Band's Objections [Docket No. 93] to Chief Magistrate Judge Raymond L. Erickson's July 12, 2010 Report and Recommendation [Docket No. 92] are **OVERRULED**;

2. The Band's Motion to Continue Case Pending Review by the National Indian Gaming Commission [Docket No. 75] is **DENIED.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  September 24, 2010.