UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| City of Duluth, | Civil No. 09-CV-2668 (SRN/LIB) |
| **Plaintiff,** | ORDER |
| v. | |
| **Fond du Lac Band of**<br>**Lake Superior Chippewa,** | |
| **Defendant**. | |

David P. Sullivan, 717 Sunset Cove, Madeira Beach, Florida 33708, and Robert C. Maki and Shawn B. Reed, Maki & Overom, Chartered, 31 West Superior Street, Suite 402, Duluth, Minnesota 55802, for Plaintiff.

Dennis J. Peterson, Fond du Lac Bank of Lake Superior Chippewa, 1720 Big Lake Road, Cloquet, Minnesota 55720, and Henry M. Buffalo, Jr., Joseph F. Halloran, Mark A. Anderson, Vanya S. Hogen, and Sara K. Van Norman, Jacobson Buffalo Magnuson Anderson & Hogen PC, 335 Atrium Office Building, 1295 Bandana Boulevard, St. Paul, Minnesota 55108, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Leo I. Brisbois dated January 5, 2011 (Doc. No. 148). Defendant filed timely objections to the R&R [Doc. No. 150] and Plaintiff filed a timely response to those objections [Doc. No. 154].

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the

R&R.

The complex procedural history of this matter is set forth in many previous orders and R&Rs and will not be repeated in full here. In brief, this dispute arises out of the operation of the Fond du Luth Casino in Duluth, Minnesota. In the mid-1980s, the City of Duluth and Defendant Fond du Lac Band of Lake Superior Chippewa (the "Band") agreed that the Band would take possession of city-owned property in downtown Duluth and build a casino on the property. Subsequently, Congress enacted the Indian Gaming Regulatory Act, 25 U.S.C. § 2701 et seq. ("IGRA"). In relevant part, the IGRA required that an Indian tribe "have the sole proprietary interest and responsibility for the conduct of any gaming activity" undertaken pursuant to the IGRA. Id. § 2710(b)(2)(A).

After enactment of the IGRA, the parties believed that their agreement likely violated this provision of the statute. They brought a lawsuit in this Court, which was ultimately resolved by the Court referring the matter to the newly created National Indian Gaming Commission, the agency charged with enforcement of the IGRA. See id. §§ 2704 (establishing NIGC), 2705, 2713 (listing NIGC's enforcement powers and civil penalties applicable for violations of the IGRA).

With the assistance of the Chairman of the NIGC, the parties reached a settlement of their differences in 1994. The NIGC specifically opined that the parties' agreements did not violate the IGRA and asked the Court to approve the settlement agreements. The Court therefore issued a consent decree to implement the settlement agreements and retained jurisdiction over the matter to ensure compliance with the agreements.

Nearly fifteen years later, the Band decided that the agreements violated the IGRA. The Band first informed the City that it would withhold certain payments because of an alleged error

2

in accounting practices.  Several months later, the Band told the City that its Business Committee had determined that the 1994 agreements violated the IGRA and the Band would no longer make payments under those agreements.  The City then brought this lawsuit for breach of contract and related claims.

In April 2010, Judge Ann D. Montgomery of this Court issued a memorandum opinion and order on the City's motion for summary judgment.  She found that no issues of fact remained as to liability, because the record was unequivocal that the Band had violated the parties' agreement.  She declined to grant summary judgment on the issue of damages, however, and thus the only issue remaining for resolution in this matter is what damages are due the City for the Band's breach of the agreements.

She also found specifically that the Band had not sought, nor had it established its right to, relief from the consent decree.  The Band argued to Judge Montgomery, as it argues here, that the NIGC has issued several opinions in recent years that call into doubt whether the NIGC would approve the parties' agreements today.  As Judge Montgomery noted, however, the NIGC advisory opinions on which the Band's argument depended (and depends) did not "demonstrate a cognizable change in the law." (Mem. Op. & Order at 15 (Doc. No. 73) (D. Minn. Apr. 21, 2010).)

Less than a month after Judge Montgomery's order, the Band sought a stay of this case pending a review by the NIGC.  Then-Chief Magistrate Judge Raymond L. Erickson recommended denial of the Band's motion (Doc. No. 92), finding that because the NIGC had not initiated any enforcement action, the Band had failed to show good cause for staying the action.  Judge Montgomery overruled the Band's objections and denied the motion to stay (Doc. No.


105).

The Band has now moved again for a stay, contending that the NIGC Chairwoman's recent referral of this matter to the NIGC's enforcement division means that this Court should stay its hand pending that review. Magistrate Judge Brisbois disagreed. He found, as Magistrate Judge Erickson found several months ago, that the NIGC had not actually instituted any enforcement proceedings, and that therefore any stay of this matter would be premature. (See R&R at 6 (Doc. No. 148) (noting the Band's argument that the case should be stayed because "the NIGC might take some as yet unidentified action at some unidentified time that could potentially have some impact on this litigation").) The Band objects, contending that the R&R misapplied the doctrine of primary jurisdiction and improperly raised sua sponte a constitutional issue not properly before the court.

Whether or not the constitutional issue was properly before the Magistrate Judge, the fact remains that the NIGC has not instituted any enforcement proceedings against the 1994 settlement agreements. Rather, the NIGC's Chairwoman has asked the enforcement division to examine those agreements. Whether the enforcement division will undertake any action or will ultimately attempt to nullify those agreements remains to be seen. The division may decide to take no action whatsoever. In the meantime, a live dispute remains before this Court, and the Court is bound to resolve that dispute expeditiously.

A stay is appropriate only when the party seeking that relief can show good cause. D. Minn. L.R. 6.1. Whatever deference is due a pending agency proceeding, there is not such a proceeding pending here. Rather, there is, as Magistrate Judge Brisbois correctly noted, only the potential for a possible, sometime-in-the-future proceeding. There is, of course, the equal

potential that there will be no proceeding.  The Band has not established good cause for the stay it seeks.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Magistrate Judge Brisbois's Report and Recommendation (Doc. No. 148) is **ADOPTED**; and
2. Defendant's Motion to Stay (Doc. No. 126) is **DENIED**.

Dated:   February 22, 2011

                                           s/ Susan Richard Nelson
                                          SUSAN RICHARD NELSON
                                          United States District Judge